UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN A. CORRION,

                Plaintiff,

                                                  CASE NO. 13-13375
v.                                               HON. ARTHUR J. TARNOW

STANLEY J. LATREILLE, DAVID J. READER,
MICHAEL P. HATTY, DONALD WELCH,
LEONARD JOSEPH JOHNSON, III,
MONICA J. COPELAND, KAREN A. CORRION,
JAUNDISHA HARRIS, and MACK T. SPICKARD,

                Defendants.
_____/

**ORDER DENYING PLAINTIFF'S REQUEST FOR
RECONSIDERATION AND DISMISSING
THE AMENDED COMPLAINT**

Plaintiff John A. Corrion is a state prisoner at Kinross Correctional Facility in Kincheloe, Michigan. On August 6, 2013, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. 1983 and an application to proceed *in forma pauperis*. Among other things, the complaint alleged that the defendants, who are various public officials and private citizens, conspired to keep Plaintiff in prison and to deprive him of his pension and life savings.

*Corrion v. Latreille, et al.*, No. 13-13375

Plaintiff did not pay the filing fee for his complaint, and even though he sought permission to proceed without prepayment of the filing fee and other costs, three or more of his previous complaints were dismissed as frivolous or for failure to state a claim on which relief could be granted. Further, nothing in the complaint indicated that Plaintiff was under imminent danger of serious physical injury. Consequently, on August 14, 2013, the Court summarily dismissed the complaint and denied Plaintiff's request to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g).[1]

Currently pending before the Court are Plaintiff's amended civil rights complaint and his request for reconsideration of the Court's order dismissing his case. In his request for reconsideration, Plaintiff argues that he was wrongly

---

[1] Section 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This subsection of 28 U.S.C. § 1915 is "now popularly known as the 'three strikes' provision" of the Prison Litigation Reform Act of 1995. *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998).

*Corrion v. Latreille, et al.*, No. 13-13375

convicted and that the defendants conspired to deprive him and his wife of their marital property. He also contends that the Court's ruling under § 1915(g) violated his right of access to the courts.

In his amended complaint, Plaintiff alleges that defendant Karen A. Corrion entered his home without permission and stole his briefcase to obtain account numbers for his and his wife's property. The remaining claims allege that defendants Monica J. Copeland and Karen A. Corrion conspired with state judges to: make a fraudulent claim that Plaintiff was personally served with a civil complaint; engage in an abuse of process; change the divorce judgment negotiated by the parties; and violate the Employee Retirement Income Security Act. Plaintiff seeks money damages and an order that would end the assignment and alienation of his savings and pension and return over one million dollars in pension benefits and savings to him.

This District's Local Rules provide that,

> [g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Corrion v. Latreille, et al.*, No. 13-13375

LR 7.1(h)(3) (E. D. Mich. July 1, 2013).

Plaintiff is raising the same issues already ruled upon by the Court in its order of dismissal. Although Plaintiff contends that the dismissal of his complaint violated his First Amendment right of access to the courts, this contention has been rejected by the United States Court of Appeals for the Sixth Circuit. *See Wilson v. Yaklich*, 148 F.3d at 605 (stating that "§ 1915(g) does not infringe upon the fundamental right of access to the courts").

Plaintiff has failed to show that the Court was misled by a palpable defect when it dismissed his complaint. Accordingly, the request for reconsideration (Doc. No. 5) is **DENIED**. The amended complaint (Doc. No. 6) is **DISMISSED** without prejudice, because Plaintiff has "three strikes," and he has not demonstrated that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

                                                                         S/Arthur J. Tarnow
                                                                         Arthur J. Tarnow
                                                                         Senior United States District Judge

Dated: February 6, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 6, 2014, by electronic and/or ordinary mail.

                                                                         S/Catherine A. Pickles
                                                                         Judicial Assistant